UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Teresa D. Alloway,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:16-cv-990
Judge Michael H. Watson
Magistrate Judge Jolson

## OPINION AND ORDER

On September 1, 2017, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's decision. R&R, ECF No. 13. Plaintiff objected to the R&R, and the Commissioner responded. ECF Nos. 14 and 15. For the following reasons, the Court **OVERRULES** Plaintiff's objections, **AFFIRMS** and **ADOPTS** the R&R, and **DISMISSES** Plaintiff's Complaint.

### I. BACKGROUND

Plaintiff protectively filed for Social Security Disability Insurance benefits on July 15, 2015, alleging that she had been disabled since September 14, 2012. R&R 1, ECF No. 13. After her initial applications were denied, Plaintiff went before Administrative Law Judge ("ALJ") Thomas Wang for a hearing. ALJ Decision, ECF No. 9, at PAGEID # 59. On November 25, 2015, the ALJ issued an opinion denying Plaintiff benefits. *Id.* at PAGEID ## 56–71. Following the Appeals Council's denial of her request for review, the ALJ's opinion became

final on August 19, 2016. Appeals Council Decision, ECF No. 9, at PAGEID ## 38–41.

Plaintiff subsequently filed a timely Complaint for review in this Court pursuant to 42 U.S.C. § 405(g). The Magistrate Judge analyzed Plaintiff's Statement of Errors and recommended the Court affirm the Commissioner's decision. Plaintiff objected to the Magistrate Judge's recommendation.

Neither party objects to the Magistrate Judge's summary of the facts as set forth in her R&R. R&R 1–8, ECF No. 13. The Court consequently adopts the fact summary and repeats only those facts relevant to the resolution of Plaintiff's objections.

## II.  STANDARD OF REVIEW

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

It is well settled that, when objecting to an R&R, a party must make "specific written objections" to the magistrate judge's proposed findings and recommendations. Fed R. Civ. P. 72(b)(3). A general statement that the magistrate judge erred does not aid judicial efficiency, the purpose "for which the use of magistrates [was] authorized." *Howard v. Sec'y of Health & Human*

*Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Holl v. Potter,* No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011), *aff'd*, 506 F. App'x 438 (2012) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

Furthermore, in Social Security cases, the Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to the proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). In this context, "[s]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance . . . .'" *Rogers*, 486 F.3d at 421 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). Put another way, "[s]ubstantial evidence exists when a 'reasonable mind might accept' the relevant evidence 'as adequate to support a conclusion.'" *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1997)).

### III. ANALYSIS

Plaintiff objects to the Magistrate Judge's decision on the basis that the R&R failed to adequately consider the ALJ's disregard of Plaintiff's treating physician Phillip Short, M.D. Upon *de novo* review of the evidence, the Court finds the Magistrate Judge did not err.

When evaluating medical opinion evidence in a Social Security case, "the ALJ is bound by the so-called 'treating physician rule,' which generally requires the ALJ to give greater deference to the opinions of treating physicians than to the opinions of non-treating physicians." *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010). The Commissioner is required to give a treating physician's opinion controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence . . . ." 20 C.F.R. § 404.1527(c)(2). If the treating physician's opinion is not given controlling weight, then the Commissioner must offer "good reasons" as to the weight given instead. *Id.* at § 404.1527(c)(2). "These reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)).

Specifically, the ALJ must weigh certain factors (known as *Wilson* factors) to determine how much weight to afford the treating physician's opinion. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (listing factors for the ALJ to consider, such as: the length of the treating relationship; the frequency of treatment; the nature and extent of the treatment relationship; the supportability of the opinion; the consistency of opinion with the record as a whole; and the

specialization of the treating physician). "A failure to follow the procedural requirement 'of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Friend*, 375 F. App'x at 551 (quoting *Rogers*, 486 F.3d at 243).

As an initial matter, Plaintiff contends that by addressing Dr. Short's opinion *after* he discussed other evidence, the ALJ "strategically evaluated the various opinions of record to bypass Dr. Short's opinions and piece together rationale for discrediting the most informed medical source record." Obj. 4, ECF No. 14. Essentially, then, Plaintiff argues that the ALJ was required to discuss Dr. Short's opinion in the ALJ decision before discussing any other opinion evidence. But Plaintiff fails to cite any authority that supports his interpretation of the regulation. Rather, the regulation cited by Plaintiff states,

> Generally, we give more weight to medical opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's medical opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in

> determining the weight to give the medical opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.

20 C.F.R. § 404.1527(c)(2). Nothing in the above-cited regulation dictates that "treating source opinions are to be considered first, before all other opinion evidence," as Plaintiff contends. *See* Obj. 2, ECF No. 14. Rather, the regulation requires the ALJ to evaluate whether the treating physician's opinion is entitled to controlling weight by determining if it is "inconsistent with the other substantial evidence," which is what the ALJ did in this case. Moreover, it would be illogical to apply such a stringent order-of-consideration requirement when the decision whether to assign controlling weight to a treating physician *necessarily requires* the ALJ to determine whether the treating physician's opinion is "inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(c)(2). Thus, Plaintiff's first objection is not well taken.

Next, Plaintiff maintains that the ALJ erred both by not giving controlling weight to Dr. Short and by failing to consider all the *Wilson* factors when assigning little weight to Dr. Short's opinion. In her analysis, the Magistrate Judge cited to both the ALJ's discussion of Dr. Short as well as to the other evidence the ALJ referenced prior to his discussion of Dr. Short. Upon *de novo* review, the Court agrees with the Magistrate Judge's conclusion that the ALJ decision and explanation to assign Dr. Short little weight are supported by substantial evidence.

The Court first finds that the ALJ's decision to not assign controlling weight to Dr. Short's opinion is supported by substantial evidence. The ALJ explained in his decision that he gave little weight to Dr. Short's opinion "because it is inconsistent with the medical evidence of record." ALJ Decision, ECF No. 9, at PAGEID # 65. The ALJ went on to specifically discuss how Dr. Short's opinion was inconsistent with the medical evidence, stating that "[t]he record shows generally only mild to moderate objective findings and symptoms, which have been responsive to regular, conservative treatment, as discussed above." *Id.* As the Magistrate Judge discussed in the R&R, the ALJ did not just declare Dr. Short's opinion to be inconsistent; rather, he demonstrated the inconsistency throughout his opinion by citing to numerous medical records. R&R 10, ECF No. 13. Specifically, the ALJ explained:

> The medical evidence of record shows that [Plaintiff] has degenerative disc disease of the cervical and lumbar spine. . . . Despite this diagnosis, [Plaintiff] has received little real treatment for this condition and has not required narcotic pain medication or surgical repair.
>
> The record indicated that [Plaintiff] has left knee osteoarthritis. . . . Again, [Plantiff] has received little real treatment for this condition, which is only mild in nature.
>
> The medical evidence suggests that [Plaintiff] has carpel tunnel syndrome. . . . Even with these moderate to severe findings, [Plaintiff] has made relatively few complaints of pain and has not yet received any treatment for this condition.
>
> The evidence demonstrates that the claimant has diabetes mellitus with peripheral neuropathy (Exhibit 2F, p. I). The claimant has been prescribed Levemir and Novolog [sic] to treat this condition (Exhibit 2F, p. I). The treatment notes generally indicate that the claimant's blood sugar has been under fair control, with no hypoglycemic

> episodes (Exhibit 2F, pp. 2, 7; 3F, pp. 2, 6, 15, 26; and 8F, p. 1). The claimant has complained of numbness and burning in her hands and feet, consistent with a diagnosis of diabetic peripheral neuropathy (Exhibits 6F, p. 1 and 11F, p. 1). Upon examination, she had had decreased sensation in a stocking and glove pattern in her upper and lower extremities; however, she has maintained a normal gait (Exhibit 6F, pp. 3, 5). On the other hand, an EMG and nerve conduction study performed in July 2015 was *inconsistent* with diabetic peripheral neuropathy (Exhibit 13F, p. 3). In any event, her symptoms are "fairly well controlled" on Lyrica (Exhibits 2F, pp. 1, 2, 7; 3F, pp. 2, 6, 11, 20; and 8F, p. 11).

R&R 10, ECF No. 13 (quoting ALJ Decision, ECF No. 9, at PAGEID ## 63–64) (ellipses in R&R). A further review of the record and the ALJ's opinion also shows that the ALJ likewise discussed reasons why Plaintiff's subjective complaints of pain were not entirely credible, citing to contradictory statements made by Plaintiff at the hearing, as well as to records where she indicated that she was "having no physical health complaints at times." ALJ Decision, ECF No. 9, at PAGEID # 65 (citing Exhibits 4F, p. 3 and 15F, pp. 3–4). Finally, the ALJ explained why he assigned greater weight to other opinion evidence. For example, he assigned greater weight to the state agency medical consultants' physical assessments because "of their program familiarity, longitudinal view of the medical evidence of record, and [because] their opinions are consistent with the medical evidence of record." He also explained that he assigned partial weight to consultative examiner Judith Brown, M.D., who opined that Plaintiff's "ability to perform work-related activities such as bending, stooping, lifting, walking, crawling, squatting, carrying, and traveling as well as pushing and

pulling heavy objects appears to be at least mildly impaired . . . " because of her cervical and lumbar spine impairments. *Id.*

In contrast to the above-cited evidence, Dr. Short indicated in a medical source statement questionnaire that Plaintiff could stand for zero minutes at one time; would need two to three unscheduled breaks a day due to pain/paresthesias, numbness and adverse effects of medication; and would likely be absent from work about two days per month. Medical Source Statement, ECF No. 9, at PAGEID ## 437–40. Notably, Dr. Short did not complete the portion of the questionnaire where he was to indicate "clinical findings and objective signs" for his opinion. *Id.* at PAGEID # 437.

Having conducted a *de novo* review of the evidence, the Court finds that substantial evidence supported the ALJ's decision to not assign controlling weight to Dr. Short because his opinion was not consistent with the other substantial evidence in the record.

Likewise, for the same reasons as stated above, the Court concludes that the ALJ also gave sufficient "good reasons" for finding that Dr. Short's opinion was entitled to little weight. Plaintiff is correct that the ALJ is required to give good reasons when assigning little weight to a treating physician. *See* Obj. 2–3, ECF No. 14. There is no requirement, however, that the ALJ "expressly" consider each of the *Wilson* factors within the written decision. *See Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010) (indicating that, under *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) and

*Wilson*, an ALJ is not required to explicitly address all of the six factors within 20 C.F.R. § 404.1527(d)(2) for weighing medical opinion evidence within the written decision). As discussed above, the ALJ specifically referenced his analysis of other record evidence in comparison with Dr. Short's opinion as his basis for concluding that Dr. Short's opinion is entitled to little weight. Thus, Plaintiff's contention that the ALJ did not consider Dr. Short's treating relationship or specialization is not determinative because the ALJ demonstrated throughout the rest of his opinion how Dr. Short's conclusions were not supported by substantial evidence. *See Friend*, 375 F. App'x at 551 (explaining that the treating physician rule "is not a procrustean bed, requiring an arbitrary conformity at all times. If the ALJ's opinion permits the claimant and a reviewing court a clear understanding of the reasons for the weight given a treating physician's opinion, strict compliance with the rule may sometimes be excused.").

Thus, the Court concludes that the ALJ did provide good reasons, albeit indirectly, for his rejection of Dr. Short's opinion. *See, e.g., Harper v. Comm'r of Soc. Sec.*, No. 2:13-CV-123, 2014 WL 3845917, at *17 (S.D. Ohio Aug. 5, 2014), *aff'd*, No. 2:13-CV-123, 2014 WL 4626018 (2014) (concluding that the ALJ was not required to "list those reasons twice" when he had already documented evidence throughout his written opinion that contradicted the treating physician's opinion); *see also Nelson v. Comm'r of Soc. Sec.*, 195 F. A'ppx 462, 472 (6th Cir. 2006) (finding that even though the ALJ failed to meet the letter of the good-

reason requirement the ALJ met the goal by indirectly attacking the consistency of the medical opinions). Accordingly, Plaintiff's objection is **OVERRULED**.

## IV.   CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, ECF No. 14, **AFFIRMS AND ADOPTS** the R&R, ECF No. 13, and **DISMISSES** Plaintiff's Complaint. The Clerk is **DIRECTED** to enter judgment in the Commissioner's favor and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**